IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD E. CROWE, III, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-900 |
| | ) | |
| | ) | Judge Mark R. Hornak/ |
| | ) | Magistrate Judge Maureen P. Kelly |
| KANE REGIONAL CENTER, | ) | |
|     Defendant. | ) | Re: ECF No. 3 |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

Pending before the Court is the Motion to Dismiss, ECF No. 3, filed on behalf of Defendant Kane Regional Center. The Court has reviewed Plaintiff's Complaint, ECF No. 1, the Motion to Dismiss and accompanying Brief in Support, ECF No. 4, as well as Plaintiff's Brief in Opposition, ECF No. 9. For the following reasons, it is respectfully recommended that the Motion to Dismiss be denied.

**II. REPORT**

  A. FACTUAL BACKGROUND

Plaintiff Howard E. Crowe, III, ("Plaintiff") alleges that his employer, Kane Regional Center ("Kane" or "Defendant"), discriminated against him because of his age in violation of the Age Discrimination in Employment Act, as amended ("ADEA"), Title 29 U.S.C. § 621 *et seq*. Because this matter comes before the Court on a Rule 12(b)(6) Motion to Dismiss, the factual

1

allegations set forth in Plaintiff's Complaint are accepted as true. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

Plaintiff alleges in the Complaint that he is a former employee of Defendant Kane. He was initially employed as a Certified Nursing Assistant ("CNA"), and satisfactorily remained in that position for twenty-four years until the date of his termination. Plaintiff alleges that on or about February 13, 2012, he was accused of committing an act of patient abuse on February 9, 2012, and was suspended pending an investigation. Plaintiff asserts that he was not working on the day the alleged incident occurred.

On or about February 22, 2012, Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that the decision to suspend him pending a patient abuse investigation was improperly motivated by an intent to discriminate him because of his age. Despite an investigator's determination that the allegation of patient abuse was unfounded, Defendant informed Plaintiff on May 14, 2012, that his employment was being terminated as a result of the accusation of patient abuse. Plaintiff asserts that at the time of the alleged incident, and at the time of his termination, substantially younger employees with "performance problems" were neither suspended nor subsequently terminated. Plaintiff broadly contends that he was replaced by a substantially younger employee. Plaintiff also alleges he was terminated in retaliation for filing the EEOC charge of discrimination.[1]

Defendant seeks to dismiss Plaintiff's Complaint on two grounds. First, Defendant contends that Plaintiff fails to allege sufficient facts to set forth a plausible claim of age discrimination. Second, Defendant argues that Plaintiff's claim of retaliation is not sustainable because of the lack of temporal proximity between Plaintiff's protected activity (the filing of the

---

[1] Plaintiff does not specifically allege in the Complaint that he filed a second EEOC charge of discrimination following his termination. However, Plaintiff does make reference to "Charge No. 533-2012-00509," without identifying a particular agency or basis for the charge.

EEOC charge on February 22, 2012) and Defendant's adverse employment action (the termination of Plaintiff's employment on May 17, 2012).

### B. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed.R.Civ.P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d at 563.

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, meaning enough factual allegations " 'to raise a reasonable expectation that discovery will reveal evidence of' " each necessary element. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

### C. DISCUSSION

#### 1. ADEA Claim

The ADEA makes it "unlawful for an employer ... to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination under the ADEA, Plaintiff must make a showing that: (1) he is forty years of age or older; (2) the defendant took an adverse employment action against him; (3) he was qualified for the position in question; and (4) he was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus. Burton v. Teleflex Inc., 707 F.3d 417, 426 (3d Cir. 2013). To prevail on an age discrimination claim, a plaintiff must

ultimately prove that age was the "but for" cause of the employer's adverse action. Gross v. FBL Financial Servs., 557 U.S. 167, 177 (2009).

Defendant argues that Plaintiff's Complaint should be dismissed for failing to allege a legally sustainable claim under the ADEA given his identification of a legitimate nondiscriminatory basis for the adverse employment actions taken; specifically, the patient abuse charge raised on or about February 13, 2012. Defendant further contends that Plaintiff has failed to allege sufficient facts to support his broad allegation that substantially younger employees with "performance problems" were treated differently than Plaintiff or that he was replaced by a substantially younger individual.

Accepting as true all of the factual allegations alleged in the Complaint and all reasonable inferences that can be drawn therefrom, Plaintiff alleges sufficient facts to raise a plausible claim for age discrimination under the ADEA. Plaintiff plainly meets the age, adverse employment action and satisfactory employment requirements of a claim, given his age, lengthy tenure as an employee in good standing at Kane, and his suspension and ultimate termination. In addition, Plaintiff alleges that because of his age, he was treated differently than other employees with "performance problems" and that he was replaced by a "substantially younger" individual.

While Plaintiff has not identified his replacement by name or age, and has broadly alleged that his treatment was disparate in comparison to similarly situated substantially younger employees, at this stage of the litigation, his allegations meet the less stringent pleading standards by which a plausible claim is measured. Basile v. Westmoreland Cnty., No. 12-01847, 2013 WL 3147316 (W.D. Pa. June 19, 2013) (*citing* In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 320 n. 18 (3d Cir. 2010) ("The touchstone of Rule 8(a)(2) is whether a complaint's statement of facts is adequate to suggest an entitlement to relief under the legal theory invoked

5

and thereby put the defendant on notice of the nature of the plaintiff's claim.")). Accordingly, given Plaintiff's specific allegations, at this preliminary stage of this action, that his age was a factor in his employer's decisions to suspend and terminate him, it is respectfully recommended that Defendant's Motion to Dismiss Plaintiff's ADEA claim be denied. Shaffer v. Ruby Tuesday, Inc., No. 12-319, 2012 WL 6967233 (W.D. Pa. Nov. 26, 2012) *report and recommendation adopted*, No. 12-319, 2013 WL 388180 (W.D. Pa. Jan. 31, 2013)(*citing* Monaco v. Am. Gen. Assurance Co., 359 F.3d 296, 300 (3d Cir. 2004).

### 2. Retaliation Claim

A separate provision of the ADEA specifically prohibits private-sector employers from retaliating against employees or applicants who complain about age-based discrimination. 29 U.S.C. § 623(d). To establish a retaliation claim under the ADEA, Plaintiff must show "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." Culler v. Secretary of U.S. Veterans Affairs, 507 F. App'x. 246, 250 (3d Cir. 2012) (citing Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567 (3d Cir. 2002)). Protected employee activity consists of formal, or "participation," activities such as making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing and informal, or "opposition," activities which can mean any expressed opposition to unlawful employment practices. Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006).

Defendant apparently concedes the sufficiency of the Complaint as to the qualification of an EEOC charge as a "protected activity" and Plaintiff's termination as an "adverse action." However, Defendant attacks the purported existence of a causal connection between the two

events. Defendant posits that a plaintiff can demonstrate a causal link by showing temporal proximity between the protected activity and the adverse employment action. However, Defendant contends that the three month period which passed between Plaintiff's filing of the EEOC charge and his ultimate termination renders the connection between the two events too remote to permit an inference of retaliation.

> To establish the causation element of a retaliation claim,
>
> > a plaintiff must prove that his or her participation in a protected activity motivated the defendant to perform the retaliatory act. Ambrose v. Twp. of Robinson, 303 F.3d 488, 493 (3d Cir. 2002); Meenan v. Harrison, Civ. A. No. 3:03–CV–1300, 2006 WL 1000032, at *4 (M.D. Pa. Apr.13, 2006) (observing that a plaintiff must demonstrate that the exercise of First Amendment rights "played some substantial role" in the defendant's action). The temporal proximity of a retaliatory act to a plaintiff's exercise of his or her First Amendment rights is probative, but not dispositive, of the causation element. Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003); see also Kachmar v. Sungard Data Sys., Inc., 109 F.3d 173, 178 (3d Cir. 1997) (stating that "temporal proximity merely provides an evidentiary basis from which an inference can be drawn"). For temporal proximity alone to establish causation, the "timing of the alleged retaliatory action must be 'unusually suggestive' of retaliatory motive before a causal link will be inferred." Marasco, 318 F.3d at 512 (quoting Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997)) ... [T]he Third Circuit Court of Appeals has suggested that a temporal proximity of two days is sufficient to establish causation, see Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 & n. 5 (3d Cir. 2000), whereas a temporal proximity of ten days is sufficient to establish causation only when accompanied by other evidence of ... wrongdoing, Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 189 (3d Cir. 2003). This suggests that the temporal proximity must be measured in days, rather than in weeks or months, to suggest causation without corroborative evidence.

Conklin v. Warrington Tp., No. 06–2245, 2009 WL 1227950, *3 (M.D. Pa. April 30, 2009).

"Applying this standard, courts in civil rights cases have frequently rebuffed speculative efforts to infer causation from temporal proximity when a span of weeks or months separated the plaintiff's constitutionally protected conduct from the defendants' alleged acts of retaliation." Reish v. Pennsylvania State Univ., No. 09-1273, 2012 WL 1068183 (M.D. Pa. Mar. 8, 2012)

7

*report and recommendation adopted*, No. 09-1273, 2012 WL 1068176 (M.D. Pa. Mar. 29, 2012).

Thus,

> [o]ur sister courts have held that a temporal proximity of as little as seventeen days was insufficient to establish causation. See Killen v. N.W. Human Servs., Inc., No. 06–4100, 2007 WL 2684541, at *8 (E.D. Pa. Sept.7, 2007) (holding that temporal proximity of seventeen days was insufficient to establish causation); see also Farrell, 206 F.3d at 279 n. 6 (suggesting that temporal proximity of seven weeks would be insufficient to establish causation); Smith v. ABF Freight Sys., Inc., No. 04–2231, 2007 WL 3231969, at *11 (M.D. Pa. Oct.29, 2007) (holding that temporal proximity of one and one-half months was insufficient to establish causation); Mar v. City of McKeesport, No. 05–19, 2007 WL 2769718, at *4 (W.D. Pa. Sept.20, 2007) (holding that temporal proximity of three months was insufficient to establish causation)." Fischer v. Transue, 04–2756, 2008 WL 3981521, * 10 (M.D. Pa. Aug.22, 2008) (holding that temporal proximity of three weeks was insufficient to establish causation).

Id.

In the case at issue, Plaintiff relies upon the happenstance of the two events, and broadly alleges that in the absence of any other intervening reason for Plaintiff's termination, retaliation must lie as the root cause. As threadbare as his claim may be, given the plausibility standard by which a Motion to Dismiss is measured, Plaintiff has sufficiently stated his claim to avoid dismissal given his allegations regarding his absence from work during the intervening weeks between the two events and the disposition of the patient abuse claim in Plaintiff's favor. Plaintiff will bear the burden of producing other proof to support what otherwise appears to be a speculative retaliation claim, but the resolution of the issue is premature at this stage of the litigation. Accordingly, it is recommended that Defendant's Motion to Dismiss Plaintiff's retaliation claim at Count II of his Complaint be denied.

### D. CONCLUSION

For the foregoing reasons, is respectfully recommended that the Motion to Dismiss [ECF No. 3] be denied.

8

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

    Respectfully submitted,

    /s/ Maureen P. Kelly
    MAUREEN P. KELLY
    UNITED STATES MAGISTRATE JUDGE

Dated: December 17, 2013

cc:     The Honorable Mark R. Hornak
    United States District Judge

    All counsel of record by Notice of Electronic Filing